UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Pamela Leigh Muma,

      Plaintiff,

v.                                                          Case No. 19-11280

Commissioner of Social Security,          Sean F. Cox
                                                              United States District Court Judge

      Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff Pamela Leigh Muma ("Plaintiff" or "Muma") applied for, and was denied,

Disability Insurance Benefits.  Plaintiff then went before an administrative law judge ("ALJ"),

who also issued an unfavorable determination. After the Appeals Counsel granted her request for

review, its unfavorable decision, denying the application on an alternative basis, became the final

decision of the Commissioner of the Social Security Administration.

Plaintiff then filed this action, seeking judicial review of the Commissioner's final

decision, arguing that the denial is not supported by substantial evidence where: 1) Plaintiff was

found capable of performing light work, despite also finding that she could only stand or walk

for four hours in an eight hour workday; and 2) the residual functional capacity does not

adequately account for Plaintiff's severe mental impairments.

In an Opinion & Order issued on September 28, 2020, this Court concluded that the

residual functional capacity assessment of Plaintiff contained inherent contradictions and

incongruities, such that remand for further proceedings is warranted.  As such, this Court

1

"ORDERED that: 1) Plaintiff's summary judgment motion is GRANTED to the extent that remand is required; 2) the Commissioner's summary judgment motion is DENIED and the finding of the Commissioner is REVERSED; and 3) this matter is REMANDED for further proceedings consistent with this Opinion."  (Opinion & Order at 16).  This Court issued a Judgment on that same day, September 28, 2020.

On October 23, 2020, the Commissioner filed a "Motion For Reconsideration Of The Court's Order And Judgment."  (ECF No. 23).

The Local Rules of this district allow for motions for reconsideration, which are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3).  A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.  Nor does a motion for reconsideration afford the movant an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling.

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held.  Eastern District of Michigan Local Rule 7.1(h)(3).  This Court concludes that, with respect to Defendant's Motion for Reconsideration, neither a response brief

2

nor a hearing is necessary.

Local Rule 7.1(h)(1) provides that "A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." This Court issued the challenged Opinion and Order on September 28, 2020. Thus, to the extent that Defendant seeks reconsideration of this Court's rulings in that Opinion and Order, the motion for reconsideration is untimely. Moreover, the Court concludes that Defendant has not met the standard for a motion for reconsideration in any event.

While Defendant's motion is plainly titled a "Motion for Reconsideration," the Court notes that the body of the motion references Fed. R. Civ. P. 59(e), which governs motions to alter or amend a judgment.

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "This standard is not inconsistent with the 'palpable defect" standard" applied to motions for reconsideration. *Henderson*, 469 F.3d at 496. The Court concludes that Defendant has not met that standard.

Accordingly, the Court ORDERS that Defendant's motion is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 8, 2020

3